# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**STEVEN HERBERT LARSEN and LEANNE LOUISE LARSEN,**<br><br>Debtors. | Case No. 21-20316-NGH<br><br>Chapter 7 |

## MEMORANDUM OF DECISION

On July 6, 2022, the Court entered an oral ruling and order denying Debtors' motion to convert their chapter 7 case to chapter 11. Doc. Nos. 126 and 128. On July 18, 2022, Debtors filed a Motion to Reconsider. Doc. No. 132 (the "Reconsideration Motion").

**DISCUSSION AND DISPOSITION**

When presented with requests to "reconsider" rulings, the Court may evaluate the submissions made and the contentions raised without requiring responses from other parties and without hearing. While the Court may exercise its discretion and allow a hearing on such motions, hearing is not inflexibly required. *Accord In re Genay-Wolf*, 2012 WL 2871685, *1 (Bankr. D. Idaho July 12, 2012) (dealing with request for reconsideration under Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024). Here, the Court determines neither a response, nor an oral argument, is necessary. The Reconsideration Motion may be resolved on the existing record by this Decision.

MEMORANDUM OF DECISION - 1

The Reconsideration Motion does not cite to any legal authority, and the Federal Rules of Bankruptcy Procedure do not establish procedures for a motion to reconsider. Rather, when such a motion is filed within 14 days of the underlying order, as is the case here, the Court treats it like a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023. *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 2, 18 (9th Cir. BAP 2013).

The Ninth Circuit has phrased the Rule 59(e) standard as follows:

> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Thus, it is up to Debtors to demonstrate a manifest error of fact, a manifest error of law, or newly discovered evidence which will convince the Court to reverse its prior decision.

Here, Debtors' Reconsideration Motion is not entirely clear on the alleged errors that justify relief from the Court's ruling or exactly what relief is being sought.[1] The Reconsideration Motion focuses on the assertion of the chapter 7 trustee, David Gardner ("Trustee"), that a motion for order approving sale of real property was filed before Debtors' motion to convert was filed and assertions "of lawyers" regarding Debtors' bad faith. Doc. No. 132 at 1. Debtors dispute Trustee's asserted timing of the filings and rely

---

[1] It is not clear that Debtors seek to reverse the Court's decision through their Reconsideration Motion. Indeed, the Reconsideration Motion states, "I do not necessarily Disagree with your Honors Assessment and denial of the request To convert. Perhaps it is the Best Decision still."

MEMORANDUM OF DECISION - 2

on the Court's docket to establish the correct chronology. Debtors also provide other arguments and assertions in their Reconsideration Motion addressing their conduct in regards to the property, state court litigation involving the property, other possible sources of revenue (presumably that may support a chapter 11 plan of reorganization) and their work ethic.

Debtors are correct that their motion to convert was filed before Trustee's motion to sell real property was filed. Indeed, the Court mistakenly transposed the sequence of events in its oral ruling laying out the context of the motion to convert and objections thereto. However, the fact that Debtors' motion to convert preceded Trustee's motion to sell real property, and the Court mistakenly stated otherwise, does not provide sufficient grounds to reverse the Court's decision denying Debtors' motion to convert because the Court did not rely on that fact.

As noted, Debtors' also take umbrage with assertions of bad faith made by "lawyers." While it is true that arguments regarding lack of good faith and abuse of process were made in the objections to Debtors' motion to convert, the Court made no finding of bad faith in denying the motion. Indeed, the only mention of bad faith made by the Court in its oral ruling was in reference to the parties' objections and case law. Specifically, in *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), the United States Supreme Court established that denial of a motion to convert under § 706 was justified when conversion would merely postpone allowance of equivalent relief. In *Marrama*, denial was justified because the debtor would not be eligible to be a debtor in the converted case due to bad faith and lack of eligibility.

MEMORANDUM OF DECISION - 3

This Court's oral ruling recognized the fact that *Marrama*'s holding was not limited to bad faith but would encompass conduct justifying conversion back to chapter 7. In other words, the Court concluded it must deny a motion to convert when an objecting party demonstrates that cause exists to immediately reconvert the case. The Court then concluded that Debtors' case fell into such a category as the creditors had proven that Debtors failed to pay post-petition real property taxes as they became due. As such, the case, should it be converted to chapter 11, would be subject to reconversion under 11 U.S.C. § 1112(b)(4)(i). Thus, Debtors' Reconsideration Motion does not dispute the factual finding that underpinned the Court's ruling, and to the extent Debtors seek a different result, the Reconsideration Motion will be denied.

**CONCLUSION**

While the Court mistakenly stated Trustee's motion for order approving sale of real property preceded Debtors' motion to convert, such error is not material and does not justify altering the order denying Debtors' motion to convert. As such, Debtors' Reconsideration Motion will be denied. The Court will enter a separate order consistent with this decision.

DATED: July 25, 2022



　　　　　　　　　　　　　　／s／ Noah Hillen
　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　NOAH G. HILLEN
　　　　　　　　　　　　　　U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 4