UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>STEVEN HERBERT LARSEN and LEANNE LOUISE LARSEN,<br><br>    Debtors. | Case No. 21-20316-NGH<br><br>Chapter 7 |

## MEMORANDUM OF DECISION

Debtors Steven and Leanne Larsen filed a motion for contempt, Doc. No. 175 (the "Motion"), arguing that creditors Homes and Neighborhoods, LLC, and Copper River Funding, LLC, (collectively the "Creditors") and their attorneys Edwin Holmes and Frederick J. Hahn III (collectively the "Attorneys"), violated their chapter 7[1] discharge while completing a sheriff's sale to enforce a lien encumbering Debtors' real property. Creditors and Attorneys disagree and argue the lien was not impacted by Debtors' bankruptcy discharge and Creditors were permitted to proceed against the encumbered real property. The matter was tried on May 31, 2023, after which the Court took the issues under advisement. The Court has now considered the testimony and evidence presented, the briefs and arguments of the parties, and the applicable law. This

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION - 1

Memorandum contains the Court's findings of fact and conclusions of law. *See* Rules 9014 and 7052.

**BACKGROUND**

Before addressing the facts in this case, it is helpful to set out the relationships between the various parties in this dispute.[2] Debtors are the members of Mountain Air Resort, LLC ("Resort"). Long before this bankruptcy, Homes and Neighborhoods, LLC, made a loan to Resort. Copper River Funding, LLC served as Homes and Neighborhoods, LLC's administrative agent for the loan. Attorney Frederick J. Hahn, III represents Creditors before this Court and attorney Edwin Holmes represents Creditors in Idaho state court.

That loan between Homes and Neighborhoods, LLC, and Resort was secured by two parcels of real property located on Dodd Road in Hayden, Idaho (the "Real Property"). After the loan went into default, Creditors initiated a judicial foreclosure action in Idaho State Court in the First Judicial District, Kootenai County (the "State Court"). Resort, Debtors, and Kootenai County were all named as defendants in that action, although Kootenai County was subsequently dismissed via stipulation. Ex. 401. The parties reached a mediated settlement agreement. However, Resort and Debtors failed to abide by the payment terms of that agreement, which resulted in the State Court entering a final judgment in favor of Creditors. *See* Exs. 402, 403. The final judgment awarded Creditors a $1,750,000 money judgment against Resort. Ex. 403. The final

---

[2] The Court takes judicial notice of its files and records pursuant to Fed. R. Evid. 201.

MEMORANDUM OF DECISION - 2

judgment also provided that Creditors' deed of trust encumbering the Real Property was a first priority security interest, that Resort's interest in the Real Property was foreclosed, and the Real Property should be sold by the sheriff in satisfaction of the judgment. Ex. 403. At some point after the loan default but before this bankruptcy was filed, Resort executed a quitclaim deed transferring the Real Property to Debtors.

Debtors then filed this bankruptcy case and, through operation of the § 362(a) automatic stay, stayed Creditors' actions to complete a sheriff's sale. Shortly thereafter, Creditors sought stay relief to complete the sheriff's sale. Doc. No. 33. Debtors received their chapter 7 discharge on January 4, 2022. Doc. No. 57. Hearing on Creditors' stay relief motion was continued multiple times, but ultimately, this Court held the automatic stay expired as to Creditors and the Real Property on May 13, 2022. *See* Doc. No. 154.

After the automatic stay expired, Creditors renewed their efforts in State Court to complete a sheriff's sale. In accordance with Creditors' instructions, the Kootenai County Sheriff posted notice of the sheriff's sale at the Real Property, the Hayden Lake Police Department, the Northern Lakes Fire Department, Hayden City Hall, the Kootenai County Administrative Building, and the Kootenai County Sheriff's Office. Ex. 410. The Kootenai County Sheriff also provided notice of the sale to Debtors, Resort, and Resort's registered agent, Steven Larsen, via U.S. Mail. *Id*. Additionally, the Kootenai County Sheriff published notice of the sheriff's sale in the Coeur d'Alene Press newspaper for three consecutive weeks prior to the sale. Ex. 414. Creditors were the successful purchasers of the Real Property at the December 27, 2022, sheriff's sale with a

MEMORANDUM OF DECISION - 3

credit bid of $1,891,971.71.  Ex. 415.  The Sheriff's Certificate of Sale was recorded in the real property records for Kootenai County that same day.  *Id*.

**DISCUSSION AND DISPOSITION**

As noted, Debtors received a chapter 7 discharge.  Section 524(a)(2) states that Debtors' chapter 7 discharge acts as an "injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under § 727] as a personal liability of the debtor[.]"  As provided in § 727(b), the scope of the discharge in bankruptcy extends to "all debts that arose before the date of the order for relief under this chapter . . . except those excepted from discharge in § 523(a)."  *See also In re Dickerson*, 510 B.R. 289, 296 (Bankr. D. Idaho 2014).

In *Taggart v. Lorenzen*, the Supreme Court explained that § 105(a) allows bankruptcy courts to issue such orders as are necessary to effectuate the discharge injunction, including civil contempt orders.  139 S. Ct. 1795, 1801 (2019).  Through the combination of § 105(a) and § 524(a), "the bankruptcy statutes incorporate the traditional standards in equity practice for determining when a party may be held in civil contempt for violating an injunction," which invokes an objective standard focused on if there is "a fair ground of doubt" regarding whether "the creditor's conduct might be lawful under the discharge order."  *Id*. at 1801–02.  When applying this standard, sanctions "may be appropriate when the creditor violates a discharge order based on an objectively unreasonable understanding of the discharge order or the statutes that govern its scope."  *Id*. at 1802.

MEMORANDUM OF DECISION - 4

Debtors filed their Motion seeking monetary damages for alleged violation of the discharge injunction by both Creditors and Attorneys. Debtors argue that Creditors improperly included discharged attorney's fees, costs, and interest, in the amount of their credit bid. Debtors also argue the pleadings Creditors filed in State Court to prosecute the sheriff's sale, and the Notice of Sale that was posted in various locations and published in the local newspaper, indicate that Creditors are foreclosing a lien against Debtors in violation of the discharge injunction.

### A.     Credit Bid

The discharge only affects a debtor's "personal liability." *In re RS Air, LLC*, 2023 WL 3774652, *4 (9th Cir. BAP June 2, 2023). Section 524(e) explicitly provides that the discharge injunction "does not affect the liability of any other entity on" the discharged debt. *Id*. at *5. The Ninth Circuit has explained that § 524(e) confines the debt that may be discharged to the "debt of the debtor—and not the obligations of third parties for that debt[.]" *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1082 (9th Cir. 2020). Further, a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability. *Id*. The debt still exists and can be collected from any other liable entity. *Id*. A secured lien also passes through bankruptcy unaffected unless affirmative action is taken to avoid it. *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992); *Brawders v. Cnty. of Ventura (In re Brawders)*, 503 F.3d 856, 867–68 (9th Cir. 2007).

Creditors were awarded a judgment in State Court. That judgment permitted Creditors to foreclose the lien encumbering the Real Property through a sheriff's sale, and to apply the proceeds of that sheriff's sale against the judgment. Debtors' discharge did

MEMORANDUM OF DECISION - 5

not affect Resort's liability to Creditors on the judgment, nor avoid Creditors' lien encumbering the Real Property.  Thus, Creditors did not violate the discharge injunction when foreclosing the lien encumbering the Real Property or credit bidding the amount owed by Resort under the judgment at the sheriff's sale.  Neither Creditors' nor Attorneys' conduct in connection with the credit bid submitted at the sheriff's sale violated the discharge injunction.  Debtors' request for sanctions as to the credit bid will be denied.

### B.    Prosecution of Sheriff's Sale

The discharge injunction prohibits only actions to recover a debt as a personal liability of the debtor.  *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 550 (9th Cir. BAP 2002) (noting that a bankruptcy court order is not required when an action is taken nominally against a debtor after discharge).  Further, as stated above, a secured lien passes through bankruptcy unaffected unless affirmative action is taken to avoid it.

Here, Creditors were permitted to enforce the lien encumbering the Real Property once the automatic stay expired.  In order to foreclose that lien through a sheriff's sale, Creditors were required to comply with Idaho statutes, including I.C. § 11-302, which requires certain notices be published in connection with a sheriff's sale.  Those notices do not indicate Creditors were pursuing Debtors for personal liability.  Instead, the notices indicate Creditors were conducting a sheriff's sale of the Real Property encumbered by their lien.  To the extent Debtors' names were listed in the caption of any pleadings filed with the State Court or published in connection with an advertisement of the sheriff's sale, they were nominally named in order for Creditors to collect from their collateral

MEMORANDUM OF DECISION - 6

source.  Such conduct does not constitute a violation of the discharge injunction by Creditors or their Attorneys.  Therefore, Debtors' Motion as to the prosecution of the sheriff's sale will be denied.[3]

**CONCLUSION**

As the Court concludes neither Creditors nor Attorneys violated the post-discharge injunction, the Court will enter an order denying the Motion.

DATED:  June 23, 2023



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

---

[3] Debtors' Motion and supporting affidavit contain several allegations, some of which are not entirely clear.  Thus, to the extent Debtors seek sanctions based on any grounds not specifically identified in this decision, the Court concludes they have failed to meet their burden and those contempt sanctions are also denied.

MEMORANDUM OF DECISION - 7